**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VICTOR SEMIDEY,

    Plaintiff,

  v.                                                                     No. CIV 09-1178 MCA/WPL

JOE R. WILLIAMS,
TIM LEMASTERS,
GEORGE TAPIA,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff's IFP motion and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss Plaintiff's claims against Defendants in their official capacities.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      The complaint alleges that Plaintiff has been denied certain visitation rights, in violation of state policies and the Due Process clause.  Plaintiff names Defendants--all state employees--in their individual and official capacities.  The complaint seeks damages and declaratory relief.

      No relief is available on Plaintiff's claims against Defendants in their official capacities.  "The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages.  Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983." *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  The Court will dismiss Plaintiff's claims against Defendants in their official capacities.

      IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis is GRANTED, and the initial partial payment is waived;

      IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

      IT IS FURTHER ORDERED that Plaintiff's claims against Defendants in their official

capacities are DISMISSED; and the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendants.

                                                                                 _____
                                                                                 M. CHRISTINA ARMIJO
                                                                                 UNITED STATES DISTRICT JUDGE